**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

NORTH STAR CAPITAL
ACQUISITIONS, LLC,

    Plaintiff,

vs.                                    CASE NO:   3:07-cv-264-J-32MCR

LYNN S. KRIG,

    Defendant,
_____


CAPITAL ONE BANK

    Plaintiff,

vs.                                      CASE NO:   3:07-cv-265-J-32JRK

JEAN C. MILLER,

    Defendant,
_____


CAPITAL ONE BANK,

    Plaintiff,

vs.                                      CASE NO:   3:07-cv-266-J-32MCR

MARY B. LIVINGSTON,

    Defendant.
_____

## **ORDER**[1]

These cases are before the Court on counterclaim defendants Robert J. Orovitz and Robert J. Orovitz P.A's (collectively "Orovitz") Motions to Dismiss (Doc. 8 in North Star, 3:07-cv-264; Doc. 7 in Capital One, 3:07-cv-265; Doc. 8 in Capital One, 3:07-cv-266); counterclaim defendant North Star Capital Acquisitions, LLC's Motion to Dismiss (Doc. 7 in North Star, 3:07-cv-264), and counterclaim plaintiffs Lynn S. Krig, Jean C. Miller and Mary B. Livingston's Responses thereto. (Doc. 32 in North Star, 3:07-cv-264; Doc. 32 in Capital One, 3:07-cv-265, Doc. 36 in Capital One, 3:07-cv-266.)

On September 25, 2006, North Star Capital Acquisitions, LLC, ("North Star") filed an amended complaint against Lynn S. Krig in County Court, Fourth Judicial Circuit, in and for Duval County, Florida, alleging breach of contract, account stated, and money lent. (See Doc. 2 in North Star, 3:07-cv-264.) On August 21, 2006 and November 7, 2006, Capital One Bank ("Capital One") filed two separate amended complaints against Jean C. Miller and Mary B. Livingston in Florida state court raising substantially similar issues as those alleged in North Star. (See Doc. 2 in Capital One, 3:07-cv-265; Doc. 2 in Capital One, 3:07-cv-266.) In response to

---

[1] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it is intended to decide the motion addressed herein and is not intended for official publication or to serve as precedent.

the North Star and Capital One complaints, Krig, Miller and Livingston filed separate Answers and Amended Class Action Counterclaims against North Star and Capital One, its former attorney, Robert J. Orovitz, and the attorney's law firm, Robert J. Orovitz, P.A.  (See Doc. 3 in North Star, 3:07-cv-264; Doc. 5 in Capital One, 3:07-cv-265; Doc. 3 in Capital One, 3:07-cv-266.)  The defendants' counterclaims against the original plaintiffs and the newly added counterclaim defendants, Orovitz and Orovitz, P.A., are based in part on violations of the federal Fair Debt Collection Practices Act ("FDCPA").  See 15 U.S.C. § 1692.

Orovitz timely removed the cases pursuant to 28 U.S.C. §§ 1331, 1441, 1446 on the basis of federal question jurisdiction.  This Court denied motions to remand in all cases on November 15, 2007 and ordered a response to Defendants' earlier motion to dismiss for failure to state a claim.  (See e.g. Doc. 31 in North Star, 3:07-cv-264.)  Having now received those responses, the motions to dismiss are ripe for adjudication.

**I. Legal Standard**

When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must accept all factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff.  Castro v. Secretary of Homeland Sec., 472 F.3d 1334, 1336 (11th Cir. 2006); Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003).  "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short

and plain statement of the claim showing that the pleader is entitled to relief.'" Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Erickson, 127 S.Ct. at 2200 (citation omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. V. Twombly, 127 S.Ct. 1955, 1964-1965 (2007) (internal citations and quotations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 1965. The Court does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." Id. at 1974.

## II. Facts

Counterclaim plaintiffs are three purported debtors of North Star and Capital One. Each counterclaim plaintiff was sued in small claims court in connection with those debts and served with a summons and complaint. Included with that service was a letter from Robert J. Orovitz and Hayt, Hayt & Landau ("Letter") as well as a document titled "Stipulation for Entry of Final Judgment for Execution Withheld"

("Stipulation").  Counterclaim plaintiffs allege that the inclusion of these additional documents with the required service of process was improper and misleading.

The amended counterclaim complaints consists of three causes of action: (1) Abuse of Process; (2) violations of the Florida Consumer Collection Practices Act; and (3) violations of the Federal Fair Debt Collection Practices Act.  See Doc. 3 in North Star, 3:07-cv-264; Doc. 3 in Capital One, 3:07-cv-265 and 3:07-cv-266.  North Star has filed a motion to dismiss in its case.  (Doc. 7 in North Star, 3:07-cv-264.)  Capital One has not filed a motion to dismiss in either of its two cases and has answered.  Orovitz has filed motions to dismiss in all three cases.  (Doc. 8 in North Star, 3:07-cv-264; Doc. 7 in Capital One, 3:07-cv-265; Doc. 8 in Capital One, 3:07-cv-266.)  All of the motions to dismiss primarily raise the same points (in fact, the motions filed by Orovitz are identical in all three cases but for the names and procedural history).  Accordingly, the Court will deal with all four motions collectively, differentiating between the motions only when so required.

### III.  Discussion

#### a.  The counterclaim plaintiffs state a valid abuse of process claim

Orovitz asserts that the abuse of process counterclaim must be dismissed for two reasons.  First, that Orovitz is entitled to absolute immunity under the litigation immunity privilege because the events giving rise to the claim occurred in the conduct of the litigation.  Such an argument is premature.  The litigation

5

privilege in Florida provides all persons involved in judicial proceedings, including parties and counsel, an absolutely privilege from civil liability for acts taken in relations to those proceedings.  Levin, Middlebrooks, Moves & Mitchell, P.A. v. U.S. Fire Ins. Co., 639 So.2d 606, 608 (Fla. 1994).  Florida courts have indicated that the litigation immunity privilege is an affirmative defense.  Am. Nat'l Title & Escrow of Fla., Inc. v. Guarantee Title & Trust Co., 810 So.2d 996, 998 (Fla. Dist. Ct. App. 2002).  On a motion to dismiss, courts may consider an affirmative defense only "when the complaint affirmatively and clearly shows the conclusive applicability of the defense to bar the action."  Jackson v. BellSouth Telecommunications, 372 F.3d 1250, 1277 (11th Cir. 2004) (applying Florida's litigation privilege).

Counterclaim plaintiffs allege that the inclusion of the letter and stipulation with the court required pleadings "was a willful and intentional misuse of process for the wrongful and unlawful purpose of collecting a debt by misleading and misrepresented means."  See e.g. Doc. 3 ¶ 33.  While the letter and stipulation might be considered "the initiation of settlement negotiations" taken in furtherance of the proceedings, as Orovitz asserts, see e.g. Doc. 8 at 6, that connection is more attenuated here than in typical settlement negotiations.  For example, the letter makes several statements that may distinguish it from a direct attachment to the litigation.  See e.g. Doc. 3 ¶ 17 ("If we agree on an amount, you will not have to

go to court.  (This is your last opportunity to resolve this matter without going to court.)) (emphasis in original).  While the Florida Supreme Court recently held that the litigation privilege applied to statutory causes of action, it withheld judgment on both when and in what circumstances the privilege would apply.  See Eschevarria, McCalla, Raymer, Barrett & Frappier, etc., et al., v. Cole, 950 So. 2d 380, 384 (2007); see also id. at 387 (Wells, J., dissenting) (stating that the litigation privilege is inapplicable "when communications are separate from pending litigation and are not necessary in order to pursue future litigation").  Accordingly, the Court finds that the complaint fails to affirmatively and clearly show the applicability of the privilege and cannot be held to apply to Orovitz (or North Star) at this early stage of the proceedings.

Orovitz also argues that counterclaim plaintiffs claim for abuse of process must be dismissed for failure to state a claim, giving two reasons.  Neither is persuasive.  First, Orovitz argues that the claim fails because the process was "merely used to accomplish the result for which it was created," Doc. 8 at 8, and therefore counterclaim plaintiffs cannot allege the required collateral coercive effect.  However, the purpose of serving the summons and complaint upon a defendant is to give that party notice of the lawsuit and assert the court's jurisdiction over that person, not to initiate settlement proceedings or to collect a debt.  See Klosenski v. Flaherty, 116 So.2d 767, 768 (Fla. 1960) (citing Shepard v.

Kelly, 2 Fla. 634 (1849).  Aside from the fact that the additional material included with the summons and complaint are not process, those materials were arguably not being used for the purpose for which service of the summons and complaint are designed.  By alleging that inclusion of the stipulation and letter with process was improper and misleading, counterclaim plaintiffs adequately stated an abuse of process claim.  Orovitz's other argument, that the claim is insufficient because the activity occurred concurrent with the issuance of process instead of after, also fails.  The court itself issues process - service of that process is a post-issuance action.  See Fla. R. Civ. P. 1.070.  Accordingly, Count I of counterclaim plaintiffs' complaint will not be dismissed.

### b.  Counterclaim plaintiffs' Fair Debt Collection Practices Act Count states a claim under 12(b)(6)

Orovitz asserts that counterclaim plaintiffs fail to state a FDCPA claim under Rule 12(b)(6), Federal Rules of Civil Procedure, for two reasons:  (1) the materials sent to the counterclaim plaintiffs are not "communications" as defined by FDCPA, and (2) the materials sent to counterclaim plaintiffs complied with FDCPA as a matter of law.

As to the first argument, Orovitz asserts that the stipulation, letter, summons and complaint are not "communications" under FDCPA because that statute "does not include legal actions or proposals for settlement."  (Doc. 8 at 10.)  It is not clear

from the pleadings that counterclaim plaintiffs are relying on the summons and complaint as FDCPA violations. Rather, the argument seems to be that the inclusion of the letter and stipulation with service of process was misleading and purported to provide the imprimatur of the Court on those private documents. Accordingly, the Court will only address Orovitz's contention that these documents fall outside of the FDCPA. The Court has found no authority for this argument through either the cases cited in the submitted memoranda or through independent research.[2] The United States Supreme Court, in holding that FDCPA applied to lawyers who functioned as debt-collectors on behalf of their client-creditors, dealt with facts that seem to repudiate this argument. See Heintz v. Jenkins, 514 U.S. 291, 293 (1995) (applying act to creditor's lawyer who sent settlement proposal to debtor's lawyer).

Orovitz's second argument, that the materials sent to counterclaim plaintiffs complied with FDCPA as a matter of law, is premature. Cf. Tolention v. Friedman, 833 F.Supp 697, 701 (N.D. Ill. 1993), aff'd on other grounds, 46 F.3d 645 (7th Cir. 1995).

### c. North Star's Motion to Dismiss will also be denied.

Counterclaim defendant North Star also filed a motion to dismiss in its case and those arguments largely mirror those of the Orovitz's to dismiss. See Doc. 7

---

[2] The three cases cited by Orovitz in their memorandum are off-point and unpersuasive.

in North Star, 3:07-cv-264. As the Court finds no appreciable difference between the arguments presented by North Star in its motion to dismiss and those by Orovitz, the Court will deny North Star's motion for the same reasons.[3]

Accordingly, it is hereby

**ORDERED:**

1. In North Star, 3:07-cv-264, counterclaim Defendant North Star's Motion to Dismiss (Doc. 7) is **DENIED**.

2. In North Star, 3:07-cv-264, counterclaim Defendants Robert J. Orovitz and Robert J. Orovitz, P.A.'s Motion to Dismiss (Doc. 8) is **DENIED**.

3. In Capital One, 3:07-cv-265, counterclaim Defendants Robert J. Orovitz and Robert J. Orovitz, P.A.'s Motion to Dismiss (Doc. 7) is **DENIED**.

4. In Capital One, 3:07-cv-266, counterclaim Defendants Robert J. Orovitz and Robert J. Orovitz, P.A.'s Motion to Dismiss (Doc. 8) is **DENIED**.

4. Counterclaim defendants shall answer the counterclaim in their respective cases no later than **February 27, 2008**.

5. The Court's Order staying the parties' obligation to file a case

---

[3] North Star does make reference to an additional FCCPA allegation regarding post-judgment interest that it states must be dismissed. See Doc. 7 at 10. However, the Court has not found a reference to post-judgment interest in the counterclaim complaint and counterclaim plaintiffs did not mention this argument in their memorandum. In any event, the absence of precedent on this precise issue counsels against an early dismissal for failure to state a claim.

management report (Doc. 27 in <u>North Star</u>, 3:07-cv-264; Doc. 21 in <u>Capital One</u>, 3:07-cv-265; Doc. 26 in <u>Capital One</u>, 3:07-cv-266) is lifted.  The case management report in the respective cases shall be filed no later than **March 7, 2008**.[4]

**DONE AND ORDERED** at Jacksonville, Florida, this 7th day of February, 2008.

_____
TIMOTHY J. CORRIGAN
United States District Judge

jcd.
Copies:
counsel of record

---

[4] The Court is concurrently entering an Order consolidating case no. 3:07-cv-265 and case no. 3:07-cv-266.